# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHIRAG "CRAIG" AMIN

        Plaintiff,

v.                                         Case No. 08-CV-1081

ASSURANT HEALTH, DEAN HEALTH SYSTEM,
ST. MARY'S HOSPITAL MEDICAL CENTER,
MADISON RADIOLOGISTS, S.C.,
PRIVATE HEALTH CARE SYSTEMS,
MD GARY LICKLIDER, MD JAMES E. HARRISON,
MD ROBERT G. HUBER, MD JEFF B. BLOCK,
and MD HAROLD F. BENNETT,

        Defendants,

## ORDER

On December 11, 2008, Chirag "Craig" Amin ("Plaintiff") filed a complaint against several defendants, including Assurant Health, Dean Health System, St. Mary's Hospital Medical Center, Madison Radiologists SC, Private Health Care Systems, and several doctors. Amin's complaint alleged breach of contract, breach of contractual duty, misrepresentation, and fraud and deceit. All of these claims are based on allegedly substandard medical care he received from the defendant doctors, and the failure of his insurance provider to investigate his claims on the matter.

Plaintiff sites jurisdiction for this court under 28 U.S.C. § 1332 – diversity jurisdiction – asserting that all the defendants are citizens of Wisconsin, and that he, plaintiff, is "currently a resident in state of Illinois." For the purposes of diversity jurisdiction, an individual is a citizen of the state in which they are domiciled – i.e.,

the state in which the individual is present and intends to remain. *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Despite plaintiff's assertion that he is a "resident" of Illinois, the documents before the court show that he is listed as having a Wisconsin address in Beloit, he is not listed as having an Illinois address, and it would seem he has been in Wisconsin (as evidenced from the fact that he was seeking ongoing medical treatment in Wisconsin) from at least 2002. These all indicate that the plaintiff is domiciled in Wisconsin. Admittedly, the court does not have all the facts pertinent to this question. However, "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Presently, based on the facts the court does have, it would appear that there is no diversity of citizenship, and thus the court does not have subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED** without prejudice, for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge