# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHIRAG "CRAIG" AMIN

           Plaintiff ,

v.                                              Case No. 08-CV-1081

ASSURANT HEALTH, DEAN HEALTH SYSTEM,
ST. MARY'S HOSPITAL MEDICAL CENTER,
MADISON RADIOLOGISTS, S.C.,
PRIVATE HEALTH CARE SYSTEMS,
MD GARY LICKLIDER, MD JAMES E. HARRISON,
MD ROBERT G. HUBER, MD JEFF B. BLOCK,
and MD HAROLD F. BENNETT,

           Defendants,

## ORDER

On January 12, 2009, the court entered an Order (Docket #3) dismissing plaintiff's action, without prejudice, for lack of jurisdiction, as the record did not support a finding that plaintiff was not a citizen of Wisconsin, as would be required for diversity jurisdiction, since the defendants are all citizens of Wisconsin. On January 22, 2009, plaintiff – mindful that it is his "burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction" – submitted a Motion for Reconsideration (Docket #5) which included a U.S.P.S. application for delivery of mail through agent, as well as Associated Bank account statements. The U.S.P.S. documents and the Associate Bank documents list plaintiff's address as Aurora, Illinois. Unfortunately for plaintiff, these documents, the former of which were filled out by plaintiff himself, do not suffice to overcome the

indications to the contrary that plaintiff is a citizen of Wisconsin. The court, however, does not rule conclusively that plaintiff is a citizen of Wisconsin, and the court will certainly allow plaintiff the opportunity to offer sufficient evidence of the fact that he is indeed a citizen of Illinois.

Evidence of plaintiff's domicile should speak to the factors courts consider in determining domicile, a determination which is ultimately based on the totality of the circumstances. *Galva Foundry Co. v. Heiden*, 924 F.2d 729 (7th Cir. 1991). Prominent among such factors are: "current residence, place of employment, location of property, voter registration, driver's license registration, and payment of taxes." *Newell v. O & K Steel Corp.*, 42 Fed. Appx. 830, 833 (7th Cir. 2002). Furthermore, plaintiff must meet his burden of proof as to these matters utilizing "competent proof." *O'Toole v. Arlington Trust Co.*, 681 F.2d 94, 98 (1st Cir. 1982). Competent proof would include things such as: an Illinois driver's license, an Illinois voter registration card, proof of payment of Illinois income tax, utilities bills for an Illinois residence, proof of employment in Illinois, and proof of ownership of property in Illinois. Furthermore, such evidence must pre-date the date of filing. *Dausch v. Ryske*, 9 F.3d 1244, 1245 (7th Cir.1993) (diversity must be shown as of date complaint is filed). Without competent and objective proof, such as this type of evidence provides, plaintiff is unable to meet his burden.

On a separate note, the court further observes that all the defendants, save one, are located in the Western District of Wisconsin. The only defendant located in the Eastern District is Assurant Health. Because the overwhelming majority of

defendants are located in the Western District, including, importantly, all the treating doctors as well as the facilities plaintiff attended for treatment, it would appear to the court that the Western District would be the most convenient venue in which to litigate this matter (if plaintiff can demonstrate diversity of citizenship). However, the court certainly acknowledges that because defendant Assurant Health undeniably resides in the Eastern District, and because, according to 28 U.S.C. § 1391, venue is proper in a diversity case in "a judicial district where *any* defendant resides, if all defendants reside in the same State," plaintiff is certainly permitted to bring this action in the Eastern District if that remains his wish. For the time being though, plaintiff has yet to produce sufficient evidence for the court to find that diversity of citizenship exists, as required for this court to exercise jurisdiction under 28 U.S.C. § 1332.

Accordingly,

**IT IS ORDERED** that plaintiff's Motion for Reconsideration (Docket #5) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 11th day of March, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-3-

Case 2:08-cv-01081-JPS    Filed 03/11/09    Page 3 of 3    Document 6