UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

CHIRAG "CRAIG" AMIN,

        Plaintiff,

v.                                                      Case No. 08-CV-1081

ASSURANT HEALTH, DEAN HEALTH SYSTEM,
ST. MARY'S HOSPITAL MEDICAL CENTER,
MADISON RADIOLOGISTS, S.C.,
PRIVATE HEALTH CARE SYSTEMS,
MD GARY LICKLIDER, MD JAMES E. HARRISON,
MD ROBERT G. HUBER, MD JEFF B. BLOCK,
and MD HAROLD F. BENNETT,

        Defendants.
_____

## ORDER

On December 11, 2008, Chirag "Craig" Amin ("Plaintiff") filed a pro se complaint (Docket #1) against several defendants, including Assurant Health, Dean Health System, St. Mary's Hospital Medical Center, Madison Radiologists SC, Private Health Care Systems ("PHCS"), and several doctors. Contemporaneously, plaintiff also filed a motion for leave to proceed in forma pauperis (Docket #2). The complaint includes four counts: I) Breach of Contract; II) Breach of Contractual Duty; III) Misrepresentation; and IV) Fraud and Deceit. All of these claims were based on allegedly substandard medical care he received from the defendant doctors, and the failure of his insurance provider to investigate his claims on the matter.

Plaintiff alleged jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, asserting that all the defendants are citizens of Wisconsin, and that he is "currently

a resident in state of Illinois." On January 12, 2009, the court entered an Order (Docket #3) dismissing plaintiff's action, without prejudice, for lack of jurisdiction, as the record indicated that plaintiff is a citizen of Wisconsin. The court explained that diversity jurisdiction is based on citizenship, not residency. The court further explained that "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (quoted in *Amin v. Assurant Health*, 2009 WL 87002, 1 (E.D. Wis. 2009)). The court clearly stated it was dismissing Amin's complaint without prejudice in order to provide him with an opportunity to submit evidence of citizenship in the state of Illinois at the time the case was filed.

Plaintiff responded by submitting a motion for reconsideration (Docket #5) which included a U.S.P.S. "application for delivery of mail through agent," as well as Associated Bank account statements. The court held that those documents did not suffice to overcome the indications to the contrary that plaintiff is a citizen of Wisconsin. Thus, in an order (Docket #6) dated March 11, 2009, the court denied plaintiff's motion for reconsideration. However, once again, the court denied the motion without prejudice. Additionally, the court explained the various factors courts look to in determining a party's domiciliary, and at the same time the court gave specific instructions as to what types of evidence would sufficiently speak to these factors so as to allow the court to determine whether it has jurisdiction in this matter.

Rather than submitting appropriate documentation as directed by the court, plaintiff instead submitted a motion to vacate (Docket #7) challenging the court's ruling on several grounds. Plaintiff alleged that the court was incorrect in dismissing plaintiff's complaint without first ruling on the *in forma pauperis* ("IFP") issue. Plaintiff also claimed that the court should not require him to submit any evidence as to which state he is a citizen of, and that the court was incorrect in finding that the submitted documents were insufficient to demonstrate proof of domiciliary. The court has examined plaintiff's arguments, once again finding them to be unconvincing and, therefore, denies plaintiff's motion to vacate.

**I.     Two-Step Procedure Under 28 U.S.C. § 1915**

Plaintiff first faults the court for not utilizing a "two-step procedure" to evaluate plaintiff's complaint and IFP motion. (Mot. Vacate at 2). According to plaintiff, the court should have first determined if plaintiff's economic status warrants granting the IFP motion, and only after that should the court have evaluated the merits of the complaint. (Id. at 2-3). In support of this premise, plaintiff cites *Woodall v. Foti*, 648 F.2d 268 (10th Cir. 1981), as well as several other supporting cases. *Woodall* states:

> This circuit has adopted a two-stage procedure for processing a [] pro se . . . complaint filed in forma pauperis under 28 U.S.C. § 1915. First, the district court should determine whether the plaintiff satisfies the economic eligibility criterion under section 1915(a). Upon a finding of economic justification, the court should allow the complaint to be docketed without prepayment of fees. Second, once leave has been granted, section 1915(d) allows the district court to dismiss the complaint prior to service of process if it determines the complaint to be
-3-

> frivolous or malicious and spare the defendant the inconvenience and expense of answering a frivolous complaint.

648 F.2d at 271. Thus, *Woodall* shows that were this court located in the Tenth Circuit, plaintiff would be correct as to the inappropriateness of the manner in which the court proceeded to rule on his filings. However, this court is in the Seventh Circuit; plaintiff did not cite any Seventh Circuit case law stating that a two-step procedure is required. The most likely reason for this is the fact that the Seventh Circuit expressly rejected the application of the two-step procedure in *Wartman v. Branch 7, Civil Division, County Court, Milwaukee County, Wis.*, 510 F.2d 130 (7th Cir. 1975).

The *in forma pauperis* procedures are codified in 28 U.S.C. § 1915, which authorizes courts to allow commencement of the prosecution of a non-prisoner's suit without prepayment of fees, if the petitioner demonstrates that he is unable to pay such fees. § 1915(a)(1). The statute goes on to command that "the court shall dismiss the case at any time if the court determines," *inter alia* that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(i)&(ii). The court in *Wartman* noted the two-step procedure used in various other districts, but held that in the Seventh Circuit, "a district judge should deny leave to proceed in forma pauperis if an action is frivolous or malicious,"[1] rather than engaging in the two-step procedure. 510 F.2d at 134. Thus, when the

---

[1] In the instant case, the dismissal for jurisdiction would fall under § 1915(e)(2)(B) just as would dismissal for a "frivolous or malicious claim," thus the court knows of no reason why *Wartman* should not apply to dismissal for lack of jurisdiction just as forcefully as it would apply to dismissal for a "frivolous claim."

-4-

court in the instant case dismissed the case, without first granting plaintiff's IFP motion, the court was acting in accordance with the mandates of *Wartman*.

The court readily concedes that *Wartman* is highly susceptible to criticism, namely because the rationale for *Wartman's* rejection of the two-step procedure is no longer necessarily applicable. The court in *Wartman* rejected the two-step procedure because it thought that doing so was the only way to avoid conflict between § 1915 and Fed. R. Civ. P. 4(a). The "conflict" between § 1915 and Fed. R. Civ. P. 4(a) was a direct result of the Seventh Circuit's ruling in *Nichols v. Schubert*, 499 F.2d 946 (7th Cir. 1974), in which the court interpreted the language of Fed. R. Civ. P. 4(a) to require that the clerk of the court immediately issue a summons to defendants upon the granting of plaintiff's IFP status. The court had earlier held that Rule 4(a) – which at the time read: "upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal" – required immediate issuance of a summons and delivery to the marshal for service. *Vina v. Hub Electric Co.*, 480 F.2d 1139, 1140 (7th Cir. 1973). In *Nichols*, the court simply applied this earlier rule to cases in which plaintiffs were proceeding IFP. However, the result was "that a district judge [had to] allow an indigent plaintiff the right to have summons issue at no cost no matter how meritless the cause of action may be." *Wartman*, 510 F.2d at 132. Such a result was nonsensical, and defeated the purpose of § 1915(e)(2), which is "to spare prospective defendants the inconvenience and expense of answering [meritless] complaints." *Neitzke v.*

*Williams*, 490 U.S. 319, 324 (1989). Thus, the *Wartman* court's rejection of the two-step procedure prevented this nonsensical result, by ensuring that summons would never issue for an action dismissed under § 1915(e)(2)(B), because the IFP motion would have never been granted in the first place.

This rationale is likely no longer prescient, however, as in 1993 the "issue forthwith" language of Rule 4(a) was deleted. What was Rule 4(a) became Rule 4(b), and the language of 4(b)[2] certainly lacks the immediacy of the previous "issue forthwith" language. Thus, it could well be that there is no longer the specter of "conflict" between § 1915 and Rule 4(b), and thus no justification for *Wartman's* rejection of the two-step procedure. On the other hand, Rule 4(b) charges plaintiffs with securing service on defendants; however, this is inapplicable for IFP plaintiffs, for whom service is still made by the U.S. Marshal. Fed. R. Civ. P. 4(c)(3). Thus, the "conflict" may continue to exist, justifying retention of the *Wartman* rule.

Admittedly, district courts in the Seventh Circuit do engage in the two-step procedure. *See*, *Gocke v. Comer*, 2007 WL 670961, 1 (S.D. Ind. 2007). Plaintiff's motion in the instant case invites this court to join in rejecting *Wartman*. However, other courts adhere to the *Wartman* rule, denying an IFP motion when dismissing for lack of jurisdiction, or for any other reason set forth in § 1915(e)(2)(B). *Fontanez v. State of Illinois*, 2007 WL 187984, 2, 6 (N.D. Ill. 2007). As this court is unaware of any binding case law overturning *Wartman*, the court will remain with the latter

---

[2]"If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant."

-6-

courts, and dismiss plaintiff's case pursuant to § 1915(e)(2)(B) without first granting IFP status. Any arguments plaintiff may wish to make as to the appropriateness of this decision (save for citations to binding case law overturning *Wartman*) are appropriately directed to the Seventh Circuit Court of Appeals.

**II.     Appropriateness of Requiring Plaintiff to Meet Jurisdictional Burden**

Plaintiff takes issue with the court requiring any proof whatsoever of plaintiff's citizenship. It is his position that his complaint sufficiently alleges diversity of citizenship between defendants, all of whom are citizens of Wisconsin, and himself. Yet, plaintiff's complaint only alleges that he is a "resident of Illinois." His complaint does however list his address as being in Beloit, Wisconsin. Indeed, this is the address that plaintiff has continually listed for the numerous lawsuits he has filed in the Western District of Wisconsin. *Amin v. Loyola University Chicago*, Case No. 3:05-cv-543 (case filed in September 2005, listing address as being in Beloit, Wisconsin); *Amin v. Colonial Management, LLC*, Case No. 3:06-cv-421) (same for case filed in August 2006); *Amin v. Penson Financial Services, Inc et al*, Case No. 3:07-cv-702 (same for case filed in December 2007); *Amin v. Cellco Partnership et al*, Case No. 3:08-cv-717 (same for case filed in December 2008). Given this state of affairs – plaintiff did not allege Illinois citizenship, and the only address the court has for plaintiff is plaintiff's Wisconsin address, which plaintiff has consistently been using for many years – there was nothing at all untoward about the court requiring plaintiff demonstrate diversity of citizenship before being allowed to proceed.

-7-

Case 2:08-cv-01081-JPS   Filed 04/07/09   Page 7 of 14   Document 8

Indeed, plaintiff should understand as much, for in his case against Cellco Partnership in the Western District (filed on the same day as the instant case), Judge Crabb, in detail, explained that an allegation of Illinois residency was a legally insufficient basis for diversity jurisdiction. *Amin v. Cellco Partnership*, 2008 WL 5377918, 1 (W.D. Wis. 2008). She also eloquently extolled the necessity of an initial determination as to jurisdiction, explaining:

> This court has an independent obligation to insure that subject matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The Court of Appeals for the Seventh Circuit has reiterated the need for litigants to meticulously review the limits of federal jurisdiction to prevent the waste of federal judicial resources. *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). The federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447-48 (7th Cir. 2000) (quotation omitted).

*Id.* Certainly, in the instant case, as in plaintiff's case before Judge Crabb, "a doubt [has] arise[n] as to the existence of federal jurisdiction."

Judge Crabb had no reason to reach a decision as to plaintiff's state of citizenship, for defendant wholly failed to provide any indication as to the defendants' citizenships, or as to the amount in controversy, thus, his case was dismissed. *Amin v. Cellco Partnership*, 2009 WL 281143 (W.D. Wis. 2009). In the instant case, there does not appear to be any problems as to the citizenship of the defendants, and plaintiff did believably allege damages in excess of $75,000, thus, to this point, the only issue barring subject matter jurisdiction has been the issue of plaintiff's citizenship. Yet, despite the court's leniency, plaintiff has seen fit to provide the court

only with inartful argument, rather than competent evidence. Nothing plaintiff has submitted has convinced the court that it either has no need to question plaintiff's citizenship, or that the documents plaintiff submitted as evidence of Illinois citizenship are sufficient. Accordingly, the court must deny plaintiff's motion to vacate.

### III.   Dismissal with Prejudice

Given plaintiff's pro se status, the court initially thought it best to dismiss plaintiff's claim without prejudice, yet again, so as to allow plaintiff one more opportunity to show that he is in fact a citizen of Illinois. However, closer examination of plaintiff's complaint discloses that many of his claims must be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, as the statute of limitations has run. The few claims which the court does not so dismiss are too insignificant to possibly allege injuries exceeding $75,000, so as to allow the court to exercise diversity jurisdiction (assuming plaintiff ever in fact did show he was a citizen of Illinois). 28 U.S.C. § 1332(a). Thus, plaintiff's factual allegations set out in his complaint, even if all true, would not support a finding that this court would have diversity jurisdiction over any claims actually sufficiently pled.

Plaintiff's claims essentially fall into two categories. The first category of claims are alleged against the individual doctors and the institutions with which they are affiliated. These claims – be they called "Breach of Contract," "Breach of Contractual Duty," "Misrepresentation," or "Fraud and Deceit" – are all based on the

allegedly deficient medical care provided to plaintiff during the months of September and October of 2002. (Compl. ¶¶ 27-35). The second category of claims are alleged against Assurant Health (as the successor in interest of Fortis Health, plaintiff's health insurance provider) and PHCS (the administrator of plaintiff's health insurance), and are premised on these companies' failure to adequately investigate plaintiff's complaints against the defendant doctors. (Id. ¶¶ 40-42, 44-45). Because the court finds that the first category of claims are all time-barred, and that the second category of claims "appear to a legal certainty" to "really [be] for less than the jurisdictional amount," *St. Paul Mercury Indemnity Co. V. Red Cab Co.*, 303 U.S. 283, 289 (1938), the court must dismiss plaintiff's case.

Generally, expiration of a statute of limitations is an affirmative defense. *Myles v. United States*, 416 F.3d 551, 553 (7th Cir.2005). Thus, "[a] district court should not raise the defense on its own unless its validity is 'apparent from the complaint itself' and 'unmistakable.'" *Norman v. City of Evanston*, 176 Fed. Appx. 666, 667 (7th Cir. 2006) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002)).

In the instant case, all of plaintiff's "category 1" claims – labeled as contractual claims – are premised on plaintiff receiving deficient medical services. The court is unconvinced that many of these claims are not in fact tort law claims that have been pled as contractual claims in order to avoid the three year statute of limitations in

-10-

Wisconsin for tort claims. See Wis. Stat. § 893.54. However, even if plaintiff's claims are in fact contract claims, they are nonetheless barred.

In Wisconsin, "[a]n action upon any contract, obligation or liability, express or implied . . . shall be commenced within 6 years after the cause of action accrues or be barred." Wis. Stat. § 893.43. In the instant case, plaintiff's "category 1" claims are of two types. The first type of claims stem from the actual failure of the doctors to provide competent treatment. (Compl. ¶¶ 61(i), 71(ii)). These claims accrued on the date of each treatment provided, the last being in October of 2002 – more than six years before plaintiff filed the instant suit on December 11, 2008. The second type of claims stem from the doctors allegedly putting "false" statements into plaintiff's records, and falsely labeling plaintiff's lab and diagnostic results as "normal." (Id. ¶¶ 71(iii),(iv), 75, 76, 77, 78, 79, 86(i)-(v)). Giving plaintiff every benefit of the doubt, these claims did not accrue until plaintiff discovered the facts constituting them. See Wis. Stat. § 893.93(1)(b).[3] Plaintiff "discovered" these facts sometime between November 5, 2002, the date on which he requested copies of his medical records, and December 3, 2002, the date he wrote defendants detailing the numerous errors he found in his records and lab results. Thus, the absolute latest date on which plaintiff could argue that this second type of "category 1" claims accrued would be December 3, 2002 – more than six years before plaintiff filed the

---

[3] A cause of action for fraud "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud."

-11-

instant suit on December 11, 2008. Accordingly, all of plaintiff's "category 1" claims are time barred.[4]

Thus, plaintiff's only claims not "unmistakably" time barred are plaintiff's "category 2" claims. These claims all stem from the alleged failure of Fortis and PHCS to properly investigate plaintiffs' claims. These claims, if they are properly brought as contract claims, would seemingly be brought within the statute of limitations, as such claims likely did not accrue until sometime in early 2003 (after plaintiff had written Fortis and PHCS). However, neither Fortis nor PHCS caused plaintiff any physical injury. Furthermore, any damages plaintiff may be due as a result of Fortis and PHCS's failure to properly investigate would not be in excess of $75,000 unless the damages were almost entirely composed of punitive damages. Yet, there are no facts or allegations in plaintiff's complaint to support an imposition of punitive damages against either Assurant (Fortis's successor in interest) or PHCS. Thus, it is clear that, even if defendant were an Illinois citizen, the court remains without jurisdiction to hear this matter.

---

[4]Given the posture of this case, the court has strived to construe the facts in the light most favorable to plaintiff. Thus, the court has conducted the analysis utilizing the 6-year statute of limitations applicable to contracts. However, the court thinks it far more likely that the appropriate statute of limitations for plaintiff's "category 1" claims is found in Wis. Stat. § 893.55(1m) ("Except as provided by subs. (2) and (3), an action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of: (a) Three years from the date of the injury, or (b) One year from the date the injury was discovered.").

-12-

## IV. CONCLUSION

Despite being afforded several opportunities to demonstrate that he is an Illinois citizen, plaintiff has failed to do so. Upon a closer examination of plaintiff's claims, the court finds that most are time barred. Those few claims that are not time barred are insufficient to meet the "in excess of $75,000" amount in controversy jurisdictional requirement necessary for diversity jurisdiction. Thus, the court must deny plaintiff's motion to vacate, and now direct that plaintiff's case be dismissed with prejudice. Finally, the court notes that it is well aware of plaintiff's history of antagonism towards the U.S. District Court for the Western District of Wisconsin. See *Amin v. Penson Financial Services, Inc et al*, Case No. 3:07-cv-702 (plaintiff's case dismissed for failure to state a claim and lack of jurisdiction; plaintiff thereafter filed five meritless, essentially redundant, motions over the next two months); *Amin v. Loyola University Chicago*, Case No. 3:05-cv-543 (plaintiff's case dismissed for plaintiff's refusal to comply with court ordered discovery obligations). Indeed, in a previous case, plaintiff's redundant and meritless filings forced Judge Crabb to direct the clerk of the court to: "route directly to chambers without docketing any further submissions other than new complaints petitioner files in this court." *Amin v. Loyola University Chicago*, Case No. 3:05-cv-543, Order of March 12, 2009, at 2. This court will not tolerate such attempts to waste judicial resources. Hence, any meritless or redundant filings made by plaintiff regarding this case will only serve to invite appropriate sanctions.

-13-

Accordingly,

**IT IS ORDERED** that plaintiff's motion to vacate (Docket # 7) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED** with **PREJUDICE** for lack of subject matter jurisdiction.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge